**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **ROCKY FORK CO.,** | : | |
| | : | **Case No. 2:18-cv-1188** |
| **Plaintiff,** | : | |
| | : | **JUDGE ALGENON L. MARBLEY** |
| **v.** | : | |
| | : | |
| **WESEX CORP.,** | : | **Magistrate Judge Deavers** |
| | : | |
| **Defendant.** | : | |

**OPINION & ORDER**

This matter comes before the Court on Plaintiff's Renewed Motion for Default Judgment.
(ECF No. 24). Plaintiff Rocky Fork Co. ("Rocky Fork") has successfully applied to the Clerk for
Entry of Default as to Defendant Wesex Corp. ("Wesex"), and the Clerk has so entered. (ECF
Nos. 21-22). Plaintiff now requests this Court enter an order of default judgment and award
damages.

Federal Rule of Civil Procedure 55(a) provides that when a party "against whom a
judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure
is shown by affidavit or otherwise, the clerk must enter the party's default." FED. R. CIV. P.
55(a). To obtain a default judgment under Rule 55(b), there must first be an entry of default
under 55(a) with the Clerk. *See Shepard Claims Serv. Inc. v. William Darrah & Assoc.*, 796 F.2d
190, 193 (6th Cir. 1986) (stating "entry of default is . . . the first procedural step on the road to
obtaining a default judgment."). Rule 12(a)(1)(A)(i) states that a defendant "must serve an
answer within 21 days after being served with a complaint." FED. R. CIV. P. 12(a).

A court's determination of damages in a default judgment depends on whether the
damages are calculable and/or liquidated. If the damages are calculable or liquidated, then the

court will award the calculable damages to the plaintiff without an evidentiary hearing because the facts establishing the damage are not distinct from the facts establishing liability. *See United States v. Di Mucci*, 879 F.2d 1488, 1497-98 (7th Cir. 1989) (stating that an evidentiary hearing is not required if the damages are liquidated or can be definitively calculated from evidence and that in such cases the same facts establish the need for liability as well as damages); *Barnes v. Abraham, Inc.*, No. 2:17-CV-279, 2017 WL 5714091 at *2 (S.D. Ohio Nov. 28, 2017) (quoting *United States v. Parker-Billingsley*, No. 3:14-CV-307, 2015 WL 4539843, at *1 (S.D. Ohio Feb. 10, 2015)) ("A court may determine damages without holding an evidentiary hearing if the damages are 'capable of ascertainment from definite figures contained in the documentary evidence or in detailed affidavits.'"). However, if the damages are unliquidated, the default judgment establishes only that the defendant is liable and the plaintiff must prove damages. *See Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110 (6th Cir. 1995) (quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982)) (citing *Kelley v. Carr*, 567 F.Supp. 831, 841 (W.D. Mich. 1983)). Typically, such cases will necessitate the court holding an evidentiary hearing where the court can evaluate the plaintiff's claims for damages and the defendant can respond to such claims before the court makes its determination. *See Id.* at 110-11 (citing *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d. Cir. 1992).

Plaintiff Rocky Fork filed a complaint in state court against Defendant Wesex on October 4, 2018 for Breach of Contract and against Wesex and another defendant for Unjust Enrichment. (ECF No. 3). The other defendant for the Unjust Enrichment claim had the case removed to this Court. (ECF No. 1). This Renewed Motion for Default Judgment only concerns the Breach of Contract claim. (ECF No. 23 at 1). In response to a November 2, 2018 order from this Court to file a status report proving Rocky Fork had effected service of process on Wesex, Plaintiff sent a

copy of the Summons and Complaint to Wesex's addresses in Ohio and Pennsylvania on November 9, 2018. (ECF No. 16). These were served on both addresses on November 13, 2018 (ECF No. 17) and thus Wesex's reply to the Complaint was due on December 4, 2018, twenty-one days after service. FED. R. CIV. P. 12. Wesex did not timely reply; two weeks after the deadline, on December 18, 2019, this Court issued an Order to Show Cause for Rocky Fork to prove to the Court why the claims should not be dismissed for want of prosecution within fourteen days of the order being issued. (ECF No. 18). On December 21, 2018, Rocky Fork moved for Default Judgment. (ECF No. 19). However, the Court denied the order because Rocky Fork did not properly apply for and the clerk did not enter default. (ECF No. 20). Rocky Fork applied for an entry of default and default was entered on January 17, 2019. (ECF Nos. 21-22). Rocky Fork then renewed the motion for Default Judgment and Damages that same day. (ECF No. 23).

Rocky Fork has provided evidence establishing the calculability of its damages and thus this Court can determine the appropriate amount of damages without an evidentiary hearing.

Rocky Fork is entitled to $78,085.61 in damages. Rocky Fork was a subcontractor for Wesex, providing landscaping services, brick pavers, and fencing to one of Wesex's projects and their relationship was governed by a Subcontracting Agreement ("the Subcontract"). (ECF No. 23 at 4). On June 20, 2017, Rocky Fork provided Wesex with $3,600 worth of edging materials. (*Id.* at 34). In violation of the Subcontract, Wesex has not paid Rocky Fork the $3,600. (*Id.* at 4). Rocky Fork also performed paving, landscaping, and fence installation and billed Wesex $39,899.31 on July 20, 2017. (*Id.* at 35). Wesex, again, did not pay Rocky Fork. (*Id.*at 4). Wesex further requested Rocky Fork install landscaping and fencing materials for the same project and Wesex billed them for $29,495.90 on August 22, 2017 after the work was performed. (*Id.* at 36).

Wesex has also refused to pay for these services. (*Id.* at 4). Lastly, Wesex has also refused to pay $5,126.40 Rocky Fork charged them on September 20, 2017 for further landscaping services. (*Id.* at 4, 37). These unpaid charges for services total $78,085.61 in damages.

Because Defendant Wesex has failed to respond to the Complaint and Plaintiff Rocky Fork has properly applied for default, and the clerk has so entered, this Court **GRANTS** Plaintiff's Renewed Motion for Default Judgment. Further, because Plaintiff has provided ample evidence of the calculable damages incurred, this Court **AWARDS** $78,085.61 in damages to Rocky Fork Co.

**IT IS SO ORDERED.**


 s/Algenon L. Marbley
**ALGENON L. MARBLEY**
**UNITED STATES DISTRICT JUDGE**

**DATED:  June 7, 2019**